## GOVERNMENT OF THE VIRGIN ISLANDS, Plaintiff

v.

## PHILMON MATTHEW, Defendant

Civil No. 83-62

District Court of the Virgin Islands

Div. of St. Thomas and St. John

April 9, 1984

MICHAEL DUNSTAN, ESQ., Assistant Attorney, St. Thomas, V.I., *for plaintiff*

WINSTON S. TAYLOR, ESQ., St. Thomas, V.I., *for defendant*

CHRISTIAN, *Chief Judge*

## OPINION

Philmon Matthew was convicted in the Territorial Court of the Virgin Islands of having made an illegal right turn. He was sentenced to pay a fine of $100.00 and his operator's license was suspended for a period of six months. He is before this Court on appeal. The conviction will be reversed.

Reversal is required on many grounds; we mention but a few. Firstly, the officer who ticketed defendant should not have been permitted to testify that two years earlier he had given the same defendant a ticket for speeding. This would hold true whether appellant had or had not been convicted at that time. The trial court should not have considered this testimony, as the record indicates it did. Secondly, the trial court having dismissed a citation for operating a vehicle without the required insurance, and not having on the record at least, vacated that order, should not have heard and considered testimony from the officer as to whether or not the policy of insurance covering the automobile had expired as of the date appellant allegedly made the illegal U-turn. Thirdly, at the end of the direct examination of the officer, incidentally, conducted by the court and not the Assistant Attorney General who was there as the prosecutor, no opportunity was afforded the defendant to cross-examine the officer. Fourthly, prior to the entry by the court of a finding of guilty on the citation for having made an illegal U-turn, the Court asked for, and was advised of, prior convictions of appellant for other traffic infractions. True, the Court had earlier indicated that he was "going to find" the appellant guilty. However, the announcement of what one proposes to do, is a far cry from an announced finding of guilt. Finally, we deem it most inappropriate for a Court to characterize the person on trial as "stupid".

The foregoing apart, we are of the opinion that the terms "U-Turn" and "Right Turn" are words of art in the area of traffic regulation. They are not synonymous. A sign forbidding a U-turn does not forbid a right turn, and vice versa. Given the fact that at other junctions of the highway, U-turns were expressly forbidden, and further, because of the fact that at the very point at which appellant made the U-turn, a sign forbade a vehicle traveling east to make a U-turn, whereas the traveler in the westerly direction was forbidden to make a right turn only, appellant might reasonably have con-

cluded that the U-turn he made was not forbidden. To forbid a turn to the right at that juncture may mean no more than that a driver going west, and desiring to enter the parking lot at that point, should not make a right turn for his entry to the parking lot. To say the least, the traffic sign at that point was confusing and appellant should not have been found guilty. The judgment of conviction will be reversed and the cause remanded to the trial court for entry of judgment of acquittal.

## JUDGMENT

This matter came before the Court on appeal from a Judgment of the Territorial Court of the Virgin Islands. The Court having heretofore entered its Opinion of even date herewith, and being fully satisfied in the premises,

IT IS ORDERED, ADJUDGED AND DECREED that the Judgment of the Territorial Court be, and the same is hereby, REVERSED and the cause REMANDED to the Territorial Court for entry of judgment in accordance with our decision.